**WINDTBERG & ZDANCEWICZ, PLC**
Post Office Box 51826
Phoenix, Arizona 85076
Phone: (480) 584-5660
Fax: (480) 584-5958
courtdocs@wzfirm.com

Michael Zdancewicz - 12426
Marc Windtberg - 24802

Attorneys for Capital One Auto Finance, a
division of Capital One, N.A.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Isaac Guevara and Stacey M. Guevara,<br><br>      Debtors.<br><br>Capital One Auto Finance, a division of Capital One, N.A.,<br><br>      Movant,<br>v.<br><br>Isaac Guevara and Stacey M. Guevara,<br><br>      Respondents. | **Chapter 7 Proceeding**<br><br>No. 4:19-bk-02694-BMW<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Property Description:**<br>2018 Hyundai Sonata VIN 5NPE24AF2JH594704<br>**(hereafter the "Collateral")** |

Capital One Auto Finance, a division of Capital One, N.A. (hereafter the "**Movant**" or "**Creditor**") is a creditor possessing a lien upon property more particularly described below. Movant contends it is entitled relief from the automatic stay because the contract secured by the Collateral is in default. Relief is requested under 11 U.S.C. §362(d)(1) and (d)(2) and (h)(1). Movant requests the court to find:

     a.     That cause exists to terminate the automatic stay;

b.      If the Court declines to lift the stay immediately, adequate protection payments be made pursuant to Bankruptcy Code § 361;

c.      Waiving the fourteen (14) day provision of Bankruptcy Rule 4001(a)(3) that would stay the effectiveness of any Order is appropriate;

d.      That any Order lifting the stay will be binding in the event this matter is converted to another proceeding under the Bankruptcy Code; and,

e.      That Movant may file an amended proof of claim for any deficiency balance within thirty (30) days of disposition of the Collateral, or by the claims bar date, whichever is later.

The following Memorandum of Points and Authorities support this Motion.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(G) and 11 U.S.C. § 362.

2.      **Isaac Guevara and Stacey M. Guevara** (the "**Debtors**") executed and delivered to Creditor a contract (hereafter the "**Contract**").

3.      Repayment of all amounts due on the Contract is secured with the following described collateral:

**2018 Hyundai Sonata VIN 5NPE24AF2JH594704**

(hereafter referred to as the "**Collateral**")

4.      Exhibit 1 is a true and correct copy of the Contract and it is incorporated herein by reference.

5.      The Creditor's lien on the Collateral is properly perfected.  See Exhibit 2:  Records from the Arizona Department of Transportation, Motor Vehicle Division reflecting Creditor's lien.

6.      Movant is the owner and holder of the Contract and the documents securing repayment of all amounts due.

00351654-3

7. Payments have not been made pursuant to the terms of the Contract and the failure to make timely payments prejudices Creditor.

8. Debtors intend to surrender possession of the Collateral.

9. There is little or no equity in the Collateral.

10. The amount of the debt as of the Petition date was $23,615.65.

11. The Kelley Blue Book ("**KBB**") values the Collateral at $13,008.00. See Exhibit 3: Valuation Evidence.

12. Movant is entitled to relief from the Automatic Stay for cause.

13. Movant further request the Court waive the provisions of Bankruptcy Rule 4001(a)(3), which would stay the order for relief until the expiration of 14 days after the entry of the order.

14. Movant requests proof of insurance be provided. If proof of insurance is not provided, Movant asserts as an additional ground for stay relief, the failure to provide insurance on the Collateral.

## LEGAL ANALYSIS

Pursuant to Bankruptcy Code § 362(d)(1) relief from the automatic stay shall be granted "for cause," including, without limitation, lack of adequate protection. *See*, 11 U.S.C. §362(d)(1). In addition, a party with an interest in property is entitled to relief from the automatic stay if: (i) the debtor lacks equity in the property, *and* (ii) the property is not necessary for an effective reorganization that is in prospect. *See*, 11 U.S.C. § 362(d)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 108 S. Ct. 626, 98 L.Ed.2d 740 (1988).

## REQUEST FOR RELIEF

For the reasons set forth above, Movant respectfully requests the following:

A. That cause exists to terminate the automatic stay;

B.    If the Court declines to lift the stay immediately, adequate protection payments be made pursuant to Bankruptcy Code § 361;

C.    Waiving the fourteen (14) day provision of Bankruptcy Rule 4001(a)(3) that would stay the effectiveness of any Order is appropriate;

D.    That any Order lifting the stay be binding in the event this matter is converted to another proceeding under the Bankruptcy Code; and

E.    That Movant may file an amended proof of claim for any deficiency balance within thirty (30) days of disposition of the Collateral, or by the claims bar date, whichever is later.

Dated:  October 17, 2019.

WINDTBERG & ZDANCEWICZ, PLC
/s/ Michael Zdancewicz (#012426)
Michael Zdancewicz
Post Office Box 51826
Phoenix, Arizona 85076
Attorneys for Capital One Auto Finance, a
division of Capital One, N.A.

Certificate of Service

I certify that on October 17, 2019, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the Court's ECF noticing system, if available, otherwise by regular first-class mail:

| | |
|---|---|
| Maureen Gaughan<br>PO Box 6729<br>Chandler AZ 85246-6729 | Lawrence D. Pew<br>Pew Law Center, PLLC<br>1811 S Alma School Road, Suite 260<br>Mesa AZ 85210 |
| Isaac Guevara<br>823 W. Trellis Rd<br>San Tan Valley AZ 85140 | Stacey M Guevara<br>823 W. Trellis Rd<br>San Tan Valley AZ 85140 |

/s/ Michael Zdancewicz

**Exhibit 1**

Buyer's/Debtor's: STACEY MARIE GUEVARA
ISAAC GUEVARA
Address: 822 W TRELLIS RD
SAN TAN VALLY AZ 85140

Seller/Creditor: HORNE HYUNDAI LLC
1360 E AUTO CENTER DR
Address: APACHE JUNCTION, AZ 85119

This is an agreement for the installment purchase by you of the Vehicle described below. As used in this Contract, the words "you" and "your" mean the Buyer or Buyers who sign below. The words "we", "us", "our" and "Seller" refer to the Seller above named and address appear above or to anyone to whom this Contract is assigned (referred to as the "Assignee"). If the Assignee notifies you that it has purchased this Contract, you agree to make all of your payments to the Assignee. This Contract may be cancelled by Seller if it is unable to assign the Contract to any one of the financial institutions with whom Seller regularly does business on terms acceptable to Seller. **BY SIGNING BELOW, YOU ALSO AGREE TO ALL OF THE TERMS ON BOTH SIDES OF THIS CONTRACT. PLEASE READ THE BACK CAREFULLY.**

The Vehicle which you are purchasing is a:

| NEW OR USED | YEAR MODEL | MAKE TRADE NAME | NO. CYL. | BODY TYPE | MODEL # OR SERIES | VEHICLE I.D.# |
|---|---|---|---|---|---|---|
| NEW | 2018 | HYUNDAI | | | SONATA | 5NPE24AF2JH594704 |

You intend to use the Vehicle primarily for ☒ personal, family, or household purposes ("personal use") ☐ commercial, business, agricultural, or other non-personal uses ("commercial use").

| ANNUAL PERCENTAGE RATE | THE COST OF YOUR CREDIT AS A YEARLY RATE. | 17.21 % |
|---|---|---|
| FINANCE CHARGE | THE DOLLAR AMOUNT THE CREDIT WILL COST YOU. | $ 15002.71 * |
| Amount Financed | The amount of credit provided to you or on your behalf. | $ 24137.93 |
| Total of Payments | The amount you will have paid after you have made all payments as scheduled. | $ 39140.64 |
| Total Sale Price | The total cost of your purchase on credit including your down payment of $ 5750.00 | $ 44890.64 |

*e means an estimate*

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due: |
|---|---|---|
| N/A | N/A | Beginning 05/01/18 |
| 72 | 543.62 | Monthly |
| N/A | N/A | |

**Insurance: CREDIT LIFE INSURANCE AND CREDIT DISABILITY INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST.**

| Type | Term | Premium | Signature |
|---|---|---|---|
| Credit Life Insurance | N/A mos. | $ N/A | I want credit life insurance only |
| Disability Insurance | N/A mos. | $ N/A | I want disability insurance only |
| Credit Life and Disability | N/A mos. | $ N/A | I want credit life and disability insurance |
| Joint Credit Life Insurance | N/A mos. | $ N/A | We want joint credit life insurance |
| Joint Credit Life and Single Disability Insurance | N/A mos. | $ N/A | We want joint credit life and single disability insurance |

**Security:** You are giving a security interest in the Vehicle being purchased.
**Late Charge:** If the Vehicle is purchased for personal use, and a payment is not paid in full within 10 days after it is due, you will pay a late charge not to exceed 5% of the unpaid balance of the installment.
**Prepayment:** If you pay off early, you will not have to pay a penalty.
See the other portions of this Contract for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (incl. accessories) $ 22990.41 + Sales Tax $ 1664.58 = Total Cash Price .......... $ 24654.99 (1)
   Net Trade-in Deficiency (from item 5 if negative) $ N/A
2. Other charges included in this sale:
   (a) Vehicle Service Contract (Term) 96 / 100,000 FIDELITY .......... $ 3500.00
   (b) Dealer Documentary Fee .......... $ 499.00
   ** (c) Other (describe) N/A .......... $ N/A
   ** (d) Other (describe) N/A .......... $ N/A
   ** (e) Other (describe) N/A .......... $ N/A
   ** (f) Other (describe) N/A .......... $ N/A
   Total .......... $ 3999.00 (2)
3. Payments made on your behalf to Public Officials for Official Fees .......... $ 383.94 (3)
4. Cash Sale Price (sum of items 1, 2 and 3) .......... $ 29037.93 (4)
5. Trade-in Yr. Make & Model   Gross Allowance   Payoff   Net Trade-In (Deficiency)
   N/A    $ N/A - $ N/A = $ N/A
6. Total Down Payment includes:
   (a) Net Trade-in (from 5) (if negative, insert $0) .......... $ N/A
   (b) Cash Down Payment (Includes manufacturer's rebate of $ 2750.00 assigned to Seller) $ 5750.00
   Total Down Payment (a + b) .......... $ 5750.00 (6)
7. Unpaid balance of Cash Sale Price (item 4 less item 6) .......... $ 23287.93 (7)
8. Payments made to others on your behalf:
   ** (a) Amounts paid to Insurance Companies for Insurance Premiums: N/A
   (1) Credit Insurance Premiums $ N/A + (2) Property Insurance Premiums $ N/A .......... $ N/A (8a)
   Total .......... $ N/A (8a)
   ** (1) To: SAFEGUARD GAP for: GAP WAIVER .......... $ 850.00 (8b)
   ** (2) To: N/A for: N/A .......... $ N/A (8c)
   ** (3) To: N/A for: N/A .......... $ N/A (8d)
   Total Amount Paid to Others (Sum of items 8(a) through 8(d)) .......... $ 850.00
   **Seller may be retaining a portion of this amount.
9. The "Amount Financed" - Amount of credit you will pay (item 7 plus item 8) .......... $ 24137.93 (9)
10. If the "Amount Financed" exceeds $ 55,800.00 or if the Vehicle is purchased primarily for commercial use, the "Account Financed" is also the "Final Cash Price Balance" and the "Total of Payments."

**11. Property Insurance:** You promise to keep the Vehicle insured for its full value against loss or damage with loss payable endorsement in our favor during the time any account is unpaid under this Contract. YOU MAY OBTAIN YOUR REQUIRED INSURANCE FROM ANY COMPANY ACCEPTABLE TO US. If you cannot obtain insurance through Seller, the costs and items of coverage are as follows:

| | TERM | PREMIUM |
|---|---|---|
| Collision (actual cash value of loss less $ N/A deductible) and Comprehensive including fire and theft (cash value of loss less $ N/A deductible) | N/A months | $ N/A |

If you buy insurance through your own agent, the cost is not included in this Contract. Please give us the name and telephone number of the agent you choose:

Agent's Name: WALSH INS AND FIN SVCS INC
Agent's Address: N/A    Telephone Number: N/A

**Promise to Pay:** By signing below, you promise to pay us the Amount Financed, together with finance charges calculated thereon at the Annual Percentage Rate. You agree to make your payments to us set forth in the Payment Schedule shown above. Your final payment may change, depending upon your payment habits. We will apply each payment first to accrued finance charges and late charges and then to reduce your unpaid balance. This means your finance charge will be less when you pay early and more if you pay late. Any necessary adjustments in your total finance charge will be reflected in your final payment. If a payment is not paid in full within 10 days after it is due, you will also pay a late charge. If the Vehicle is purchased for commercial use, the late charge will be 5% of the unpaid balance of the installment. If the Vehicle is purchased for personal use, the late charge will not exceed 5% of the unpaid balance of the installment.

**Security Interest:** To protect us if you do not pay as promised, or if you break some other promise of this Contract, you give us a purchase money security interest in the Vehicle, all accessions thereto, and in any proceeds of the Vehicle. If the Vehicle is purchased for commercial use, this security interest also covers all equipment, accessories, and parts (other than accessions) added to the Vehicle within 10 days of the date of this Contract. You also give us a security interest in the proceeds of any physical damage insurance policy on the Vehicle; all insurance, maintenance, service, or other contracts we finance for you; and all proceeds from insurance, maintenance, service, or other contracts we finance for you, including any refunds of premiums or charges from the contracts. This security interest secures payment of all you owe on this Contract and any other and also all your other security interests you now have or later acquire. By this NOTICE: BY GIVING US A SECURITY INTEREST IN THE VEHICLE DESCRIBED ABOVE, YOU WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM THE VEHICLE EXEMPT FROM LEGAL PROCESS.

**LIMITATIONS/EXCLUSIONS OF PRODUCT WARRANTIES**
**(a)** For "new" vehicles: (1) If the Vehicle is purchased for personal use, Seller makes no implied warranty of merchantability or of fitness for any particular purpose unless Seller also gives you a written warranty, on its own behalf, with respect to the Vehicle, or, at the time of the sale or within 90 days thereafter, Seller enters into a service contract, on its own behalf, with you which applies to the Vehicle. In that event, any implied warranties arising from the sale of the Vehicle shall be limited to the duration of a Seller's written warranty or service contract (whichever is later). (2) If the Vehicle is purchased for commercial use, Seller makes an implied warranty of fitness for any particular purpose. The Vehicle is sold to you AS IS, except for any implied warranties made by Seller, on its own behalf, or by the manufacturer of the Vehicle or of any component parts; (3) In all cases, Seller shall not be liable for any consequential damages arising from any breach of any warranty, express or implied.

**(b)** For "used" vehicles:
**(i) Used Car Implied Warranty of Merchantability:**
The Seller hereby warrants that the vehicle will be fit for the ordinary purposes for which the vehicle is used for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. You (the Purchaser) will have to pay up to $25.00 for each of the first two repairs if the warranty is violated.

**(2) Waiver of Used Car Implied Warranty of Merchantability:** Due to circumstances unusual to Seller's business, the used motor vehicle which is the subject of this Contract has the particular defects, if any, described below.
**ATTENTION PURCHASER: Sign here only if the dealer told you that this Vehicle has the following problem(s) and that you agree to buy the vehicle on those terms:**
**ATENCIÓN COMPRADOR: Firme aquí solamente si el vendedor le dijo que el vehículo tiene el siguiente problema(s) y que usted conviene de compra el vehículo bajo estos términos:**

1. N/A    Buyer/Comprador _____ Date _____
2. N/A    Buyer/Comprador _____ Date _____

(3) If the Vehicle is sold "AS IS – NOT EXPRESSLY WARRANTED OR GUARANTEED" unless Seller gives you a separate written instrument showing the terms of any warranty or service contract given by Seller on its own behalf. If the Vehicle is purchased for personal use, Seller makes no implied warranty of fitness for any particular purpose, and the implied warranty of merchantability is limited to 15 days or 500 miles after delivery, whichever is earlier, unless Seller also gives you a written warranty, on its own behalf, with respect to the Vehicle, or, at the time of the sale or within 90 days thereafter, Seller enters into a service contract, on its own behalf, with you which applies to the Vehicle. In that event, any implied warranties arising from the sale of the Vehicle shall be limited to the duration of Seller's written warranty or service contract. If the Vehicle is purchased for commercial use, Seller makes no implied warranty of fitness for any particular purpose, and the implied warranty of merchantability is limited to 15 days or 500 miles after delivery, whichever is earlier. In all cases, Seller shall not be liable for any consequential damages arising from any breach of any warranty, express or implied, except for a breach of the implied warranty of merchantability.

**NOTICE TO BUYER: 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.**

**Annual Percentage Rate (APR) for the installment sale of an automobile may be negotiated with the dealership, and the dealership may receive a portion of the finance charge or receive other compensation for providing the financing.**

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT, UNLESS DESCRIBED IN ITEM 11 AND AN APPROPRIATE PREMIUM CHARGE IS SHOWN IN ITEM 8(A) ABOVE.**

SELLER IS REQUIRED TO SEND COMPLAINTS CONCERNING THIS CONTRACT MAY BE ADDRESSED TO:

ARIZONA DEPARTMENT OF FINANCIAL INSTITUTIONS
2910 N. 44th STREET, SUITE 310
PHOENIX, ARIZONA 85018
TELEPHONE: (602) 771-2800

Buyer's Acknowledgment: receipt of a fully completed copy of this Contract.

*BUYER* _____
*BUYER* _____

Dated this _____ day of MAR _____, 18 _____

**OTHER OWNERS:** If a person shown on the certificate of title as an owner of the vehicle does not want to be separately liable to pay this debt, please sign here to give us a security interest in the Vehicle, its proceeds, and physical damage insurance policy and any refunds of insurance premiums.

SIGNATURE _____ DATE 03/17/18

SIGNATURE OF BUYER _____ DATE 03/17/18

THE TRANSACTION WHICH IS THE SUBJECT OF THIS CONTRACT (IS OR IS NOT SUBJECT TO A FEE RECEIVED BY A BROKER FROM THE SELLING MOTOR VEHICLE DEALER. IF APPLICABLE, THE NAME OF THE BROKER IS:

Seller hereby assigns this Contract with recourse to the Assignee named below. Seller warrants that this Contract arose from the sale of the Vehicle described. Seller has entered into herein below and fully, and has under all warranties with respect to this Contract.

HORNE HYUNDAI LLC
Seller _____ Dated 03/17/18

By _____ AUTHORIZED SIGNER    TITLE
Horne Hyundai LLC    Branch

ORIGINAL    ALL RIGHTS RESERVED

## ADDITIONAL TERMS, AGREEMENTS AND CONDITIONS

1. **BUYERS GUIDE FOR USED VEHICLES: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.

2. (a) If the Vehicle is purchased primarily for personal use: NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

(b) If the Vehicle is purchased for commercial use, you will not assert any claim or defense against an Assignee of this Contract except of a type which may be asserted against a holder in due course of a negotiable instrument.

3. **ADDITIONAL COVENANTS OF BUYER:** You will (a) store the Vehicle at your address on the face hereof; (b) permit us to examine the Vehicle at any time; (c) maintain the Vehicle in good condition and repair; (d) not permit the Vehicle to be permanently removed from the State of Arizona without our prior written consent; (e) not permit the Vehicle to be attached or other process to be levied thereon; (f) not create or permit to be created any lien or encumbrance or adverse claim of any character whatsoever, whether for storage, repairs, or otherwise, justified or unjustified; (g) not attempt to sell, rent, lease, assign, or otherwise transfer your right, title, or interest in the Vehicle or this Contract without our written permission; and (h) pay all taxes and assessments of every character levied or assessed against the Vehicle, this Contract and the indebtedness represented hereby. You authorize us, at our option and without any obligation to do so, to discharge any and all taxes, liens, security interests or other encumbrances at any time levied or placed on the Vehicle. You hereby agree to reimburse us on demand for any expense incurred by us pursuant to this authorization, plus interest on all sums so expended until paid at a rate equal to the Annual Percentage Rate.

Time is of the essence of this Contract. Our acceptance of partial payments shall not in any manner modify the terms of this Contract and such acceptance shall not be construed as a waiver of any subsequent defaults on your part nor shall it waive the "time is of the essence" provision. Any payment amount we receive in addition to or in excess of a regular scheduled payment may be applied first to accrued late charges and collection charges (if any) and then to finance charges due and to the unpaid balance outstanding. You may not assign this Contract except with our prior written consent. You agree that you will not sue or permit the Vehicle to be used for any unlawful purpose, nor to be used for hire, nor will you allow any person to operate or use the Vehicle who is not allowed under the terms of the insurance policies herein required to so operate or use the Vehicle.

Any notice required to be given to you shall be deemed reasonable notification if mailed by ordinary mail, postage prepaid, to your mailing address given herein or to your most recent address as shown by a "Notice of Change of Address" on file with us whether or not actually received by you, or if given in any other manner which results in your actual receipt of such notice.

4. **INSURANCE:** You agree: (a) to keep the Vehicle insured at your own expense against loss by fire, theft, collision and other risks as we shall designate; (b) such insurance shall cover our interest in the Vehicle and shall be in force so long as any part of the balance owed under this Contract remains unpaid; and (c) such insurance is to be placed with insurance companies reasonably acceptable to us and loss thereon is to be paid to you and us as each party's interest may appear. You hereby assign to us the proceeds of all such insurance to the extent of the unpaid balances hereunder and direct any insurer to make payments directly to us. You hereby request and authorize us, at our option and without obligation to do so, to place and pay for insurance on the Vehicle upon your failure, after having been required to do so; to provide insurance satisfactory to us and to pay the premium either for such insurance or similar insurance protecting us only, adding same to the unpaid balance then owing or by an advance which constitutes additional indebtedness and is secured hereunder and is added to the remaining installments or is payable in additional installments, due on this Contract. The policies therefor shall be held by us until this Contract is fully performed. You agree to reimburse us on demand for any payment made or any expenses incurred by us pursuant to the foregoing authorization, together with interest thereon from disbursement until paid at a rate equal to the Annual Percentage Rate. In the event of a loss, you agree that we may collect the proceeds from such insurance and apply the proceeds towards replacement of the Vehicle or payment of your obligation under this Contract. If we retake possession of the Vehicle, the insurance policies thereon, financed under this Contract, shall become our sole property and you shall have no further interest therein. In the event of any default hereunder, we are authorized to cancel any insurance and credit any premium refund against said unpaid balances.

5. **ADDITIONAL CHARGES FOR DELINQUENT PAYMENTS:** If you fail to make timely payments under this Contract, and if such delinquency requires collection efforts by us, you agree to pay reasonable collection charges and costs incurred by us, which charges may include specific charges for collection calls and collection letters.

6. **PREPAYMENT:** You may prepay the principal balance in full or in part at any time without penalty; provided all finance charges and other charges accrued to the date of prepayment are paid.

7. **COMPUTATION OF FINANCE CHARGES:** Finance charges accrue on a daily basis. A day shall be counted as 1/360th of a year, unless the Assignee of this Contract uses a method of computation which counts a day as 1/365th or 1/366th of a year, in which event the method of computation used by the Assignee for retail installment transactions such as yours on the date of assignment of this Contract to such Assignee shall apply.

8. **EVENTS OF DEFAULT:** (a) Any one of the following shall constitute an Event of Default: (1) Your failure to pay when due any indebtedness secured hereby; (2) If any warranty, representation or statement made herein or furnished to us by you or on your behalf in connection with this Contract proves to have been false in any material respect when made or furnished; (3) The commencement of any bankruptcy, arrangement, reorganization, insolvency, receivership or similar proceedings by or against you or any guarantor or surety for you; (4) Discovery of any adverse change in your financial condition deemed material by us, or if, in our judgment the Vehicle becomes unsatisfactory in character or value, or if we reasonably deem ourselves insecure; (5) If you default in performing any of your obligations, promises, covenants or agreements contained herein or in any other agreement, paper or document given by you to us. (b) Any one of the following shall constitute an Event of Default if, in our opinion, such occurrence by itself, or such occurrence together with surrounding circumstances, materially increases our risks with regard to repayment of the indebtedness due: (1) Your death or incompetence; (2) If the Vehicle is broken upon or seized upon under any levy, attachment, garnishment, writ or other legal process, or if any lien is attached thereto; (3) If the Vehicle is lost, stolen, or suffers substantial damage destruction; (4) If the Vehicle is sold, rented, assigned or otherwise transferred without our written permission.

9. **DEBTOR'S RIGHTS FOR FAILURE TO RETURN VEHICLE:** It is unlawful to fail to return a motor vehicle subject to a security interest within 30 days after receiving notice of default. In the event of default, a notice of default will be mailed to you at the address on this Contract. However, nothing in this paragraph imposes any contractual obligation upon us to give you notice of default. Our failure to do so will not be a breach of this Contract and will not limit or impair any of our rights or remedies in the event of your default, as provided below. It is your responsibility to keep the listed address current. Unlawful failure to return a motor vehicle subject to a security interest is a class 6 felony. Assuming you failure to return of prior felony conviction, such crime is punishable by a term of imprisonment of up to 1 year, plus a fine of up to $150,000., and all applicable charges.

10. **RIGHTS AND REMEDIES:** Upon the happening of any of the foregoing Events of Default and at any time thereafter, we may, at our option, and without notice to you, declare all of your indebtedness to us to be immediately due and payable, and we shall have the rights, duties and remedies of a secured party, and you shall have the rights and duties of a debtor, under the Uniform Commercial Code as adopted in the State of Arizona, and without limitation thereto, we shall have the following specific rights: (a) To take immediate possession of the Vehicle without notice or resort to legal process and for such purpose to enter upon any premises on which the Vehicle or any part thereof may be situated and to remove the same therefrom or, at our option, to render the Vehicle unusable; (b) To make or have made any repairs deemed necessary or desirable, the cost of which shall be charged to you; (c) If we take possession of the Vehicle, you will have the right to redeem the Vehicle by paying the net amount you owe on this Contract. If you do not redeem the Vehicle, we will, after giving notice to you and any other party entitled thereto, dispose of the Vehicle in a commercially reasonable manner, which may include either a public sale or a private sale. It is agreed that 10 days' notice of any such sale shall be reasonable. The proceeds of the sale, less allowed expenses, will be used to pay the amount still owed on this Contract. Allowed expenses are those reasonable expenses incurred as a direct result of retaking the Vehicle, holding it, preparing it for sale and selling it. In addition, if we hire an attorney who is not our salaried employee to collect what you owe, you agree to pay reasonable attorney's fees and court costs. If the proceeds of the sale, less allowed expenses, are not sufficient to pay the net amount still owed on this Contract, then, to the extent permitted by law, we may recover the deficiency with interest at the Annual Percentage Rate from you or anyone who has succeeded to your obligation. If there is money left over (surplus), it will be paid to you or whoever else is legally entitled to it. If, during repossession of the Vehicle, we come into possession of any property which is not security for this Contract, we will hold it for you. If you do not claim the property within 30 days after we have repossessed the Vehicle, we may dispose of the property in any manner we may select. You agree that we will have no further liability to you for this property.

11. **GENERAL:** This Contract shall be governed by the laws of the State of Arizona. Any provisions found to be invalid shall not invalidate the remainder hereof. Waiver of any default shall not constitute waiver of any subsequent default. All words used herein shall be construed to be of such gender and number as the circumstances require and all references herein to you shall include all other persons primarily or secondarily liable hereunder. This Contract shall be binding upon the heirs, personal representatives, successors and assigns and shall inure to the benefit of our successors and assigns. This Contract, together with any other written agreements contemporaneously executed by you and us, constitutes the entire agreement between you and us and may not be altered or amended unless made in writing and duly executed by you and us. (?)

12. **SELLER'S RIGHTS IN ABSENCE OF CREDIT APPROVAL:** (a) You agree to furnish us any documentation necessary to verify information contained in the credit application. (b) You acknowledge that it may take a few days for us to verify your credit and assign this Contract. In consideration of our agreeing to deliver the Vehicle, you agree that if we are unable to assign this Contract to any one of the financial institutions with whom we regularly do business pursuant to terms of assignment acceptable to us, we may cancel this Contract. (c) In the event we cancel this Contract, we shall give you notice of the cancellation. Upon receipt of such notice, you shall immediately return the Vehicle to us in the same condition as when sold, reasonable wear and tear excepted, and this Contract shall then be deemed cancelled. We agree, upon cancellation of this Contract, to restore to you all consideration we received in connection with this Contract, including any trade-in vehicle. (d) In the event the Vehicle is not immediately returned to us upon notice of our cancellation of this Contract, you agree to pay and shall be liable to us for all expenses incurred by us in obtaining possession of the Vehicle, including attorney's fees, and we shall have the right to repossess the Vehicle with free right of entry wherever the Vehicle may be found. (e) While the Vehicle is in your possession, all terms of this Contract, including those relating to use of the Vehicle and insurance for the Vehicle, shall be in full force and all risk of loss or damage to the Vehicle shall be assumed by you, you shall pay all reasonable repair costs related to any damage sustained by the Vehicle while in your possession or control of and until the Vehicle is returned to us.

## SELLER'S ASSIGNMENT AND WARRANTY

For value received, Seller hereby sells, assigns and transfers to Assignee, all rights, title and interest in and to this Contract, the Vehicle and equipment therein described and all monies due and to become due hereunder. SUCH ASSIGNMENT SHALL BE PURSUANT TO THE REPRESENTATIONS, WARRANTIES AND OTHER PROVISIONS OF THE EXISTING DEALER AGREEMENT WITH ASSIGNEE. In the event there is no executed dealer agreement with Assignee, Seller warrants, to the best of its knowledge, that (i) the signature of the Buyer(s) herein are genuine; (ii) Seller holds title to the Vehicle, (iii) the cash down payment shown has been tendered to Seller, (iv) the Vehicle is free from any liens and/or encumbrances except the lien relating to the security interest created by this Contract, (v) the Vehicle has been delivered into the possession of the Buyer(s), (vi) Buyer(s) was of legal age to execute this Contract on the date hereof, (vii) the Vehicle has not been designated as salvaged, (viii) if this transaction is subject to regulation by any state or federal law or regulation, the transaction was consummated in compliance with such law(s) and any regulations promulgated pursuant thereto, (ix) that before offering to sell this Contract to Assignee, any period, where Buyer(s) had the right to rescind such transaction, had expired and such Buyer(s) had not rescinded the transaction, (x) that this Contract and the debt evidenced thereby is not, and will not be, subject to any claims, disputes, complaints, offsets, counterclaims or defenses of any kind during the time the said debt remains unpaid and (xi) Seller will take all action necessary to perfect the first lien purchase and security interest in Seller or its Assignee.

Seller hereby agrees to repurchase this Contract upon the occurrence of any such breach of warranty or false representation immediately, upon demand by Assignee, for a cash amount equal to the net unpaid balance of the Contract and, upon receipt of such funds, Assignee shall assign its security interest and any other rights to Seller. Seller further hereby agrees to indemnify and hold Assignee harmless from all loss, claims, damages, costs, expenses and attorney's fees incurred or sustained by Assignee resulting from or arising out of such obligations under this Contract determined to be due to any meritorious claim or defense Buyer(s) may now or in the future have against Seller relating to the transaction herein described. If the Assignee's and/or Seller's right and duties hereunder are referred to an attorney for interpretation or enforcement, the prevailing party shall be entitled to recover and collect from the losing party all court costs incurred plus reasonable attorney's fees.

Seller waives all demand and notices of default and consents that, without notice to the Seller, Assignee may extend the time of payments or compound or release by operation of law or otherwise any rights against Buyer(s) or any other obligor. Assignee shall not be bound to take any steps necessary to preserve any rights in this Contract or any accompanying agreements or documents against prior parties, which Seller hereby agrees to do.

IT IS EXPRESSLY UNDERSTOOD AND AGREED that any method of assignment herein provided shall not be deemed to relieve Seller of and from any liability for the breach of warranties, representations or agreements contained herein or in this Contract.

## GUARANTY

Each of the undersigned ("Guarantor"), jointly and severally, guarantees payment of all amounts owing under this Contract and the payment upon demand of the entire amount owing on this Contract in the event of default is prompt by Buyer(s) named therein. Guarantor waives notice of performance, demand for performance, notice of nonperformance, protest, notice of protest, notice of dishonor, notice of acceptance of this Guaranty, of any extensions in time of payment, of sale of any of the collateral and of all other notices to which the undersigned would be otherwise entitled by law and agrees to pay all amounts owing hereunder upon demand, without requiring any action or proceeding against Buyer(s), and specifically waives any right to require action against Buyer(s) as provided in ARIZ. REV. STAT. § 12-1641, et seq. Guarantor agrees to deliver to Seller or, after assignment, to Assignee, timely financial statements and any other information relating to the Guarantor's financial condition as may be reasonably requested. GUARANTOR HEREBY ACKNOWLEDGES RECEIPT FROM SELLER, PRIOR TO SIGNING BELOW, OF A SEPARATE "NOTICE TO COSIGNER."

Date _____    Guarantor _____

Date _____    Guarantor _____

**MARITAL COMMUNITY JOINDER.** The undersigned spouse of Guarantor joins in the execution of this Guaranty for the purpose of binding the marital community of Guarantor and the undersigned, in accordance with ARIZ. REV. STAT. § 25-214 or other applicable law. UNDERSIGNED SPOUSE OF GUARANTOR ACKNOWLEDGES RECEIPT FROM SELLER, PRIOR TO SIGNING BELOW, OF A SEPARATE "NOTICE TO COSIGNER."

Date _____    Spouse of Guarantor _____

**ADOT**

**Motor Vehicle Division**
48-7209 R01/16 · azdot.gov

Exhibit 2

Inventory Control

| Vehicle Identification Number | Year | Make | Model | Body Style |
|---|---|---|---|---|
| 5NPE24AF2JH594704 | 2018 | HYUND | SONAT | 4DSD |

| First Registered | List Price | Mobile Home Manufacturer | | Unit Number |
|---|---|---|---|---|
| 04/2018 | 022050 | | | |

CAPITAL ONE AUTO FINANCE
PO BOX 660068
SACRAMENTO CA 95866-0068

| Title Number | Issue Date | Film Number | Odometer Reading (no tenths) * |
|---|---|---|---|
| 0D05018106051 | 04162018 | | 0000749   A |

| Previous Title Number | State | Issue Date | Previous Film Number | |
|---|---|---|---|---|
| MCO | | 00000000 | ORIGINAL | |

* A - Actual Mileage
* B - Mileage in excess of the odometer mechanical limits
* C - NOT Actual Mileage, WARNING ODOMETER DISCREPANCY

**Arizona Brands**

| Previous Brand | State | Previous Brand | State | Previous Brand | State | Other States With Brands |
|---|---|---|---|---|---|---|

Owners/Lessees
STACEY MARIE GUEVARA
823 W TRELLIS RD               SAN TAN VALLEY                      AZ   851406614       OR

ISAAC  GUEVARA

Lienholder(s) as of print date.  (Additional liens may exist. Check Motor Vehicle Inquiry on http://servicearizona.com to find all current liens.)
FIRST LIEN-                                            LIEN DATE:     03172018
CAPITAL ONE AUTO FINANCE INC
PO BOX 660068                          SACRAMENTO                    CA  958660068

**LIEN RELEASE**

| Lienholder Name | | | Acknowledged before me this date. | Notary Public Signature | | |
|---|---|---|---|---|---|---|
| Lien Amount | Lienholder Signature | | Date | County | State | Commission Expires |

VOID WITHOUT EAGLE WATERMARK OR IF ALTERED OR ERASED

Advertisement

**Exhibit 3**

# 2018 Hyundai Sonata Pricing Report

**Style:** SE Sedan 4D
**Mileage:** 51,350



## Sell To Private Party



Private Party Range
**$12,247 - $13,768**

Private Party Value
**$13,008**



Valid for ZIP Code 85701 through 08/22/2019

## Vehicle Highlights

Fuel Economy:
City 25/Hwy 36/Comb 29 MPG

Max Seating: 5

Doors: 4

Engine: 4-Cyl, 2.4 Liter

Drivetrain: FWD

Transmission: Auto, 6-Spd Shiftronic

EPA Class: Large Cars

Body Style: Sedan

Country of Origin: Korea

Country of Assembly: United States

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

**Engine**
4-Cyl, 2.4 Liter

**Transmission**
Auto, 6-Spd Shiftronic

**Drivetrain**
FWD

**Accessory Packages**
Blind-Spot Detection
Power Trunk Release

**Braking and Traction**
Traction Control
Electronic Stability Control
ABS (4-Wheel)

**Comfort and Convenience**
Alarm System
Keyless Entry
Air Conditioning
Power Windows
Power Door Locks
Cruise Control

**Steering**
Power Steering
Tilt & Telescoping Wheel

**Entertainment and Instrumentation**
AM/FM/HD Stereo
CD/MP3 (Single Disc)
Bluetooth Wireless

**Safety and Security**
Backup Camera
Dual Air Bags
Side Air Bags
F&R Head Curtain Air Bags
Knee Air Bags

**Lighting**
Daytime Running Lights

**Exterior**
Rear Spoiler

**Wheels and Tires**
Alloy Wheels

**Exterior Color**
✓ Black

# Glossary of Terms

Tip:
It's crucial to know your car's true

**Kelley Blue Book® Trade-in Value** - This is the amount you can expect to receive when you trade in your car to a dealer. This value is determined based on the style, condition, mileage and options indicated.

**Trade-In Range** - The Trade-In Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week based on the style, condition, mileage and options of your vehicle when you trade it in to a dealer. However, every dealer is different and values are not guaranteed.

**Kelley Blue Book® Private Party Value** - This is the starting point for negotiation of a used-car sale between a private buyer and seller. This is an "as is" value that does not include any warranties. The final price depends on the car's actual condition and local market factors.

**Private Party Range** - The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to receive this week for a vehicle with stated mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when selling to a private party.

**Excellent Condition** - 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition** - 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition** - 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition** - 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

condition when you sell it, so that you can price it appropriately. Consider having your mechanic give you an objective report.

© 2019 Kelley Blue Book Co., Inc. All rights reserved. 8/16/2019-8/22/2019 Edition for Arizona 85701. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.19083)